### C. JONES *v*. THE STATE.

1. PRACTICE. — A witness, having testified about a bill of sale, was tendered by counsel a paper for identification. Opposing counsel objected on the ground that they were entitled to an inspection of the paper before it was passed to the witness, and were assured by the court that they should have an opportunity to inspect it before it should be admitted, which opportunity was subsequently afforded them when the paper was offered in evidence. *Held*, that the assurance given by the court should have been satisfactory, and no error or prejudice is apparent.

2. SAME. — A witness for the defence having mentioned certain persons as present at the horse-trade, the prosecution was allowed in cross-examination to ask him where they were when he last heard of them. *Held*, allowable in view of the latitude accorded on cross-examination.

3. VERDICT. — A jury brought in a verdict of conviction in which the punishment was assessed "at ten years in the penitentiary." The court, deeming the verdict informal in not providing for the *confinement* of the defendant in the penitentiary, informed counsel that with their consent the jury would be remanded to enable them to amend their verdict in that respect; to which the State's counsel assented, and defendant's replied that the court could act as it thought proper. The jury, being sent back, returned with a verdict amended in the particular mentioned, and the defence filed a general exception. *Held*, that the reply of the defendant's counsel was virtually an assent; that the verdict as first brought in was good; and that the action of the court was authorized by the Code.

APPEAL from the District Court of Parker. Tried below before the Hon. A. J. HOOD.

The opinion discloses the facts germane to the rulings.

*McCall & McCall*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. Notwithstanding a vigorous defence in the District Court, the defendant, appellant here, was convicted of theft of a gelding, and his punishment assessed at confinement in the State penitentiary for a term of ten years. Judgment was entered in accordance with the verdict; a motion for a new trial was made, and being overruled this appeal is prosecuted.

Four bills of exception were taken to rulings of the court during the progress of the trial. Noticing the matters raised by these bills of exception so far as deemed material, in their numerical order, we gather from the first that a witness for the prosecution, being on the witness-stand, was handed a paper for identification, when the counsel for the defendant insisted it should first be submitted to them for inspection. The bill of exceptions recites that the court informed the counsel that if the State's counsel offered the paper in evidence the court would see to it that the defendant's counsel did have an opportunity to inspect it before it was admitted in evidence, and permitted the witness to answer. He had been handed a paper, and asked to examine it and then state whether or not that (the paper handed the witness) was the bill of sale which the witness had stated he received from the defendant. We fail to see, when an attempt was made to identify the paper, that the defendant's counsel had any concern with it further than to see that it was properly admissible in evidence, and we are of opinion that the assurance of the court should have been satisfactory.

But however this may be, it seems that all difficulty was obviated as set forth in the following explanation of the judge in giving the bill of exceptions, which sufficiently indicates the fairness of the action of the court. The judge says: " It is deemed proper, in explanation of the above bill of exceptions, to state that in point of fact, before the bill of sale was read, or offered to be read, to the jury, the State's counsel did hand to defendant's counsel, for examination, the bill of sale." There was no question raised as to the competency or admissibility of the evidence, but only as to the manner and means of its identification and the manner of getting it to the jury. No legal right of the accused was infringed, that we see.

Bill of exceptions No. 2 shows in effect that when a witness for the defendant was on the stand, and being cross-examined by the State's counsel, the witness having testified on his direct examination that one Scott and one Swain were present at a certain time and place, and, together with the witness on the stand, had witnessed a certain horse-trade between one Airhart and one Johnson, the State's counsel asked the witness, on cross-examination, " Where were said Scott and Swain when you last heard of them? " The question was objected to, and the objection overruled, and the witness was permitted to answer the question. We are of opinion that the court did not transcend the latitude allowed in the cross-examination of a witness. Greenl. on Ev., sect. 445 *et seq*.

The materiality of the testimony sought to be elicited from the witness, as set out in bill of exceptions No. 3, is not seen, nor is the supposed error made manifest by the record. In bill of exceptions No. 4 a supposed irregularity in returning the verdict of the jury is complained of. It seems that the verdict was returned by the jury in this form: "We, the jury, find the defendant guilty, and assess his punishment at ten years in the penitentiary." It is shown in this connection that the judge, after looking at the

verdict, but without reading it aloud, stated to the counsel for the State and the defendant, then being present, that there was no mistaking the intention of the jury as disclosed by their verdict, but that it occurred to the court that the verdict was not altogether as formal as it ought to be, and that the court would direct the jury's attention to the informality if counsel on both sides were willing. Counsel for the State gave his consent, and the counsel for the defendant made answer that the court could act in the matter as the court thought proper. Thereupon the court told the jury that if they intended to find against the defendant "confinement," they ought to use that word in their verdict; and at the same time handed the written verdict back to the foreman, and told the jury to retire to their room and make out their verdict in proper form. The jury retired accordingly, and afterwards returned their verdict; and to this the counsel for the defendant took a bill of exceptions.

The judgment ought not to be reversed because of the matters complained of in this bill of exceptions, for several reasons. In the first place, when it was first proposed to send the jury to their room to put the verdict in form, the action was virtually assented to by the defendant's counsel by his telling the judge he could use his pleasure in the matter. In the next place, the verdict was sufficient as it was first brought into court by the jury; and in the next place, the action taken was permitted by art. 696, Revised Code of Criminal Procedure, which but reënacts the former law.

The record discloses that, after the judge had delivered his general charge to the jury, counsel for the defendant asked the court to give several special instructions to the jury, and among them one charge on the conclusiveness of circumstantial testimony necessary to warrant conviction. We are of opinion the case was one rather of a conflict of testimony than one depending solely on circumstantial

evidence. The judge, in refusing to give the special instructions, makes the following explanation of his action : " The above and foregoing charges are refused, it being the opinion of the court that the main charge contains all the law applicable to the case." And in this opinion of the judge we concur. At any rate, we do not find any such failure to charge the law of the case as would affect the judgment. On the subject of a charge on circumstantial evidence, see *McMillan* v. *The State, ante,* p. 100, decided to-day.

We find no such error as would warrant us in setting aside the verdict and judgment. The judgment of the District Court is affirmed.

*Affirmed.*